## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | |
|---|---|
| HAYWOOD BABINEAUX, III, individually, SHARESE CARTER, individually, and LAWANNA HOLMES, | CIVIL ACTION NO.: |
| | JUDGE: |
| v. | |
| | MAGISTRATE: |
| HUDSON INSURANCE COMPANY, TRANSMAQUILA, INC., and DAVID AZAEL ROQUE ELIZADE | |

### NOTICE OF REMOVAL OF CIVIL ACTION

**PLEASE TAKE NOTICE** that Hudson Insurance Company ("Hudson") and TransMaquila, Inc. ("TransMaquila"), with full reservation of any and all rights, defenses, and objections, hereby submits this Notice of Removal, and states as follows:

### BACKGROUND

1. Hudson and TransMaquila, along with David Azael Roque Elizade, were named as defendants in a civil action commenced on December 8, 2020, in the Fourteenth Judicial District Court for the Parish of Calcasieu, State of Louisiana, entitled *Haywood Babineaux, III, et al. v. Hudson Insurance Company, et al.*, as Civil Action No. 2020-4209, Division B.[1]

2. In their Petition for Damages, Plaintiffs allege that they were traveling on Interstate 10 in Calcasieu Parish Louisiana when a 2019 Freightliner tractor-trailer driven by David Azael Roque Elizalde and owned by TransMaquila, Inc. moved into the lane occupied by Plaintiffs' vehicle.[2]

3. According to Plaintiffs, the tractor-trailer driven by Mr. Elizalde collided with Plaintiffs' vehicle, resulting in injuries to Mr. Babineaux, Ms. Carter, and Ms. Holmes.[3]

---

[1] *See* Pet. for Damages (Exhibit 1).
[2] *Id.* at ¶¶ 2-8.
[3] *Id.* at ¶¶ 9-10.

4. Plaintiffs' Petition for Damages does not specify the amount of damages sought, but instead lists general categories of injury for which they are claiming damages, without giving any particular facts about the nature of their injuries or related treatment.[4]

5. Specifically, LaWanna Holmes claims she suffered "severe disabling injuries to her body as a whole including her knee, ankle, back, neck, and shoulder . . . ."[5] Additionally, Ms. Holmes claims she incurred "past medical, rehabilitation and pharmacy expenses, and will incur additional future medical, rehabilitation and pharmacy expenses . . . ."[6]

6. Although the Petition for Damages does not specify the extent of Ms. Holmes's injuries, on March 17, 2020, she was examined by David Guillory, APRN, FNP-C, a certified nurse practitioner, who was supervised by Dr. John Crosby.[7] Ms. Holmes complained of left leg tingling and pain in the left knee cap with a rating of 8/10, left side neck pain radiating into the shoulder with a rating of 4/10 and worse at times, and low back pain when sitting or standing with a rating of 8/10.[8] Mr. Guillory recommended a left knee MRI, and Dr. Crosby added a recommendation for MRIs of her cervical and lumbar spine.[9]

7. Ms. Holmes's cervical spine MRI revealed mild bulging in the mid cervical spine, mild to moderate left and moderate right foraminal stenosis at C4-5, and moderate bilateral foraminal stenosis at C5-6.[10] Her lumbar spine MRI showed mild disc bulging with mild canal stenosis at L4-5 and bulging at L5-S1 with a posterior annular tear abutting the ventral thecal sac and descending S1 nerve roots with mild left foraminal stenosis.[11] Ms. Holmes's left knee MRI

---

[4] *Id.* at ¶¶ 19-21.
[5] *Id.* at ¶ 21.
[6] *Id.*
[7] *See* Allied Health Records (Mar. 17, 2020) (Exhibit 2).
[8] *Id.* at 1.
[9] *Id.* at 3-4.
[10] *See* Envision Imaging MRI Cervical Report at 2 (Apr. 28, 2020) (*hereinafter*, "Cervical MRI") (Exhibit 3).
[11] *See* Envision Imaging MRI Lumbar Spine Report at 1-2 (Apr. 28, 2020) (*hereinafter*, "Lumbar MRI") (Exhibit 4).

showed a mild chondromalacia patella.[12]

8.     In *Hebert v. Boesch*, the Louisiana First Circuit Court of Appeal affirmed an award of $75,000 in general damages for disc bulges at C6-7 and L4-5 where the plaintiff treated conservatively with physical therapy.[13] In *Locke v. Young*, Louisiana's Second Circuit Court of Appeal reduced the trial court's award of $150,000 in general damages for two lumbar bulging discs to $75,000 where surgery was recommended, but the appellate court found that the treating physician's testimony was vague pertaining to the issue of a future surgery.[14] In *Moody v. Cummings*, Louisiana's Fourth Circuit Court of Appeal affirmed a trial court general damage award of $60,000 for a knee injury exhibiting chondromalacia patella and $45,000 for cervical disc bulges.[15] In *White v. Progressive Security Insurance Company*, the Louisiana Third Circuit Court of Appeal affirmed an award of $60,000 in general damages for a bulging cervical disc,[16] and in *Minix v. City of Rayne*, the appellate court overturned a finding of no liability by the trial court and awarded $20,000 in general damages for knee and back pain.[17]

9.     Based upon Ms. Holmes's allegations and general damage awards by Louisiana courts for similar injuries, Hudson and TransMaquila are removing this action to federal court pursuant to 28 U.S.C. § 1441, *et seq.*

10.    Defendant David Azael Roque Elizade was not properly served, therefore consent to removal is not required.[18]

11.    Hudson and TransMaquila are filing herewith copies of all process, pleadings, notices, and

---

[12] *See* Envision Imaging MRI Left Knee Report at 1 (Apr. 28, 2020) (*hereinafter*, "Knee MRI") (Exhibit 5).
[13] 2015-1791 (La.App. 1 Cir. 6/3/16), 194 So.3d 798, 806.
[14] 42,703 (La.App. 2 Cir. 12/12/07), 973 So.2d 831, 845.
[15] 2009-1233 (La.App. 4 Cir. 4/14/10), 37 So.3d 1054, 1061-63.
[16] 2008-926 (La.App. 3 Cir. 2/4/09), 6 So.3d 860, 864-65.
[17] 2017-93 (La.App. 3 Cir. 4/4/18), 243 So.3d 67, 75.
[18] *See* 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been *properly* joined *and served* must join in or consent to the removal of the action").

orders served upon Hudson and TransMaquila in the state court proceedings.[19]

## DIVERSITY OF CITIZENSHIP

12. Pursuant to 28 U.S.C. § 1332(a), this Court has jurisdiction over this matter based upon diversity of citizenship.

13. Upon information and belief, Plaintiffs Haywood Babineaux, III, Sharese Carter, and LaWanna Holmes are citizens of the State of Louisiana.[20]

14. Hudson Insurance Company is a foreign insurance company incorporated in the State of Delaware, with its principal place of business in New York.

15. TransMaquila, Inc. is a Texas corporation with its principle place of business in Texas.

16. David Azael Roque Elizalde is a citizen of Mexico.

## AMOUNT IN CONTROVERSY

17. The amount in controversy, exclusive of costs and interest, exceeds $75,000.

18. If removal of a civil action is sought on the basis of the jurisdiction conferred by 28 U.S.C. § 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that the notice of removal may assert the amount in controversy if the initial pleading seeks a money judgment, but the state practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded.[21]

19. Plaintiffs in Louisiana state courts, by law, may not specify the numerical value of the damage claim.[22]

20. In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000, either by demonstrating that it is "facially

---

[19] *See* Pet. for Damages.
[20] *See* Pet. for Damages.
[21] 28 U.S.C. § 1446(c)(2).
[22] La. C.C.P. art. 893.

apparent" that the claims are likely above $75,000, or by setting forth facts in controversy, preferably in the removal petition, that support a finding of the requisite amount.[23]

21. Although a removing defendant cannot aggregate multiple plaintiffs' claims to reach the jurisdictional threshold, if one plaintiff's claims exceed the jurisdictional amount, the court may exercise supplemental jurisdiction over the claims by the other plaintiffs.[24]

22. On its face, the Petition for Damages does not state that there is a lack of jurisdiction in the United States District Court, as it is required to do under the Louisiana Code of Civil Procedure if federal court jurisdiction is lacking.[25] The absence of such a statement, although not alone determinative, "may be considered in determining whether the amount in controversy is satisfied."[26]

23. In addition, medical records for Plaintiff LaWanna Holmes show that the amount in controversy exceeds $75,000 with respect to her potential damages.

24. Ms. Holmes generally alleges that she suffered "severe disabling injuries to her body as a whole including her knee, ankle, back, neck, and shoulder,"[27] and her cervical spine MRI revealed mild bulging in the mid cervical spine, mild to moderate left and moderate right foraminal stenosis at C4-5, and moderate bilateral foraminal stenosis at C5-6.[28] Her lumbar spine MRI showed mild disc bulging with mild canal stenosis at L4-5 and bulging at L5-S1 with a posterior annular tear abutting the ventral thecal sac and descending S1 nerve roots with mild left foraminal stenosis,[29] and her left knee MRI showed a mild chondromalacia patella.[30]

---

[23] *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).
[24] *See Dunahoe v. Progressive Cty. Mut. Ins. Co.*, No. 14-CV-0085, 2014 WL 463066, at *1 (W.D. La. Feb. 4, 2014); 28 U.S.C. § 1367(a).
[25] *See* La. C.C.P. art. 893(A)(1).
[26] *Grimes v. Haar*, No. 13-617-SDD, 2015 WL 2239766, at *2 (M.D. La. May 12, 2015).
[27] *See* Pet. For Damages at ¶ 21.
[28] *See* Cervical MRI at 2.
[29] *See* Lumbar MRI at 1-2.
[30] *See* Knee MRI at 1.

25. A survey of general damage awards in Louisiana shows amounts of $75,000 for disc bulges at C6-7 and L4-5,[31] $75,000 for two lumbar bulging discs,[32] $60,000 for a knee injury exhibiting chondromalacia patella with $45,000 for cervical disc bulges,[33] $60,000 for a bulging cervical disc,[34] and $20,000 for knee and back pain.[35]

26. In view of Ms. Holmes's MRI results, the typical general damage awards for similar injuries demonstrates that the amount in dispute is reasonably above $75,000.

27. Further, the Court may exercise supplemental jurisdiction over Plaintiffs Haywood Babineaux's and Sharese Carter's claims.[36]

28. Based on Plaintiff LaWanna Holmes's allegations, medical records, and typical general damage awards for similar injuries, Hudson and TransMaquila have shown that the amount in controversy meets the jurisdictional requirement, even though no amount of damages was plead, and Plaintiffs cannot show that they are legally certain not to be able to recover this amount.

**REMOVAL IS TIMELY AND OTHERWISE PROPER**

29. Plaintiff served the Louisiana Secretary of State, as Hudson's statutory agent for service of process, on January 12, 2021,[37] but Hudson did not receive process until January 26, 2021.[38]

30. This Court has held that generally, "service of a statutory agent (e.g., secretary of state, does not trigger the 30 day removal period until the defendant receives process."[39]

---

[31] *Hebert*, 194 So.3d at 806.
[32] *Locke*, 973 So.2d at 845.
[33] *Moody*, 37 So.3d at 1061-63.
[34] *White*, 6 So.3d at 864-65.
[35] *Minix*, 243 So.3d at 75.
[36] *Dunahoe*, 2014 WL 463066 at *1. *See also*, *Grimes*, 2015 WL 2239766 at *1 (defendants had to show that at least one of plaintiffs' claims, standing alone, satisfied the jurisdictional threshold).
[37] *See* Citation (Dec. 28, 2020) (Exhibit 6).
[38] *See* Service of Process Transmittal (Jan. 26, 2021) (Exhibit 7).
[39] *See*, *e.g.*, *Gibson v. BP Am. Prod. Co.*, No. 17-1439, 2018 WL 914054 at *4 (W.D. La. Jan. 30, 2018) (citing *Manuel v. Unum Life Ins. Co. of Am.*, 932 F.Supp. 784, 785 (W.D. La. 1996); 14C Wright & Miller & Cooper, Fed. Prac. & Proc. Juris. §3731 (4th ed. 2017) ("[T]he time for removal begins to run only when the defendant or someone who is the defendant's agent-in-fact receives the notice via service.")).

31. Accordingly, Hudson timely removed this action within thirty days after the receipt of process.[40]

32. Plaintiff served TransMaquila via certified mail on January 27, 2021, pursuant to Louisiana'a long-arm statute.[41] The citation and petition were accompanied by a letter form Plaintiffs' counsel, which listed the certified mail tracking number 7019 1640 0001 1499 3867.[42] According to the U.S. Postal Service's website, the citation and petition were delivered on February 1, 2021.[43] Therefore, TransMaquila also timely removed this action within thirty days after service of process.[44]

33. The United States District Court for the Western District of Louisiana is the federal judicial district embracing Louisiana's Fourteenth Judicial District Court for the Parish of Calcasieu, where the underlying state court action was originally filed. Venue is therefore proper in this district.[45]

34. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) in that this is a civil action wherein the amount in controversy exceeds $75,000, exclusive of interest and costs, which is derived from the characterization of damages and claims of the Plaintiffs, and the suit is between citizens of different states; thus, this suit is removable pursuant to 28 U.S.C. § 1441, *et seq.*

35. Promptly after this Notice of Removal was filed with the United States District Court for the Western District of Louisiana, a copy of the notice was filed with the Clerk of Court for the Parish of Calcasieu to effect the removal of this civil action to the United States District Court for the Western District of Louisiana, as provided by law.[46]

**WHEREFORE**, Defendants Hudson Insurance Company and TransMaquila, Inc. pray

---

[40] 28 U.S.C. § 1446(b)(3).
[41] *See* Ltr. from J. Morales to TransMaquila (Jan. 27, 2021) (Exhibit 8).
[42] *Id.*
[43] USPS TRACKING, https://tools.usps.com/go/trackconfirmaction (last visited Feb. 18, 2021).
[44] 28 U.S.C. § 1446(b)(3).
[45] 28 U.S.C. § 1441(a).
[46] *See* Certificate of Serv. (Exhibit 9).

that this Notice of Removal be deemed to sufficiently plead the requirements for removal and that this Court grant Hudson Insurance Company and TransMaquila, Inc. such further relief as the law will allow and the nature of the case may permit.

>Respectfully submitted,
>
>/s/ *Robert T. Vorhoff*
>RANDALL C. MULCAHY, Bar No. 26436 (T.A.)
>rmulchay@garrisonyount.com
>LYON H. GARRISON, Bar No. 19591
>lgarrison@garrisonyount.com
>ROBERT T. VORHOFF, Bar No. 32747
>rvorhoff@garrisonyount.com
>Garrison, Yount, Forte & Mulcahy, L.L.C.
>909 Poydras Street, Suite 1800
>New Orleans, Louisiana 70112
>Telephone: (504) 527-0680
>Facsimile: (504) 527-0686
>*Counsel for Defendants Hudson Insurance Company and TransMaquila, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of February, 2021, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the Court's electronic system and by depositing same in the United States Mail, postage prepaid, and/or facsimile and/or e-mail transmission of this date.

>/s/ *Robert T. Vorhoff*
>ROBERT T. VORHOFF, Bar No. 32747